<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE CASTILLO, | : |
| | : Civil Action No. 05-4824 (JLL) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| DEVON BROWN, et al., | : |
| | : |
| Defendants. | : |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Jesse Castillo
SBI # 456053-B
South Woods State Prison
215 Burlington Road Sough
Bridgeton, NJ 08302

**LINARES**, District Judge

Plaintiff Jesse Castillo, a prisoner confined at South Woods State Prison, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff has submitted a single document entitled both "Complaint" and "Application to Proceed In Forma Pauperis."[1] The factual allegations consist of a single sentence: "Plaintiff was savagely violated by the Defendant's, as a result the actions were silenced to cover-up the Defendants conduct, which has resulted the Plaintiff to suffer permanent disservices." Plaintiff does not specify what relief he seeks.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

---

[1] The Court notes that the document docketed in this action is a xerox copy of the Application to Proceed In Forma Pauperis docketed with a complaint in Castillo v. Brown, Civil Action No. 06-0033 (JBS). If this action is duplicative of Civil Action No. 06-0033 and was opened by mistake, Plaintiff may advise the Court that he wishes to withdraw this Complaint. The Court will reserve action on the Application for Leave to Proceed In Forma Pauperis until Plaintiff responds to the Order entered with this Opinion.

2

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but

must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of

4

Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

## IV.   ANALYSIS

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). While a plaintiff "need not plead facts," so long as the complaint meets the notice pleading requirements of Rule 8, see Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts

5

sufficient at least to "suggest" a basis for liability, <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying <u>Alston</u>).

Here, the Court can discern no allegations suggesting a basis for liability. In addition, in a complaint such as this alleging multiple claims against multiple defendants it is imperative that the complaint conform to the requirements of Rule 10(b), which requires that all averments of claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Complaint would ordinarily be subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim. However, because it is conceivable that Plaintiff may be able to amend his pleading with facts

sufficient to state a claim, the Court will grant Plaintiff leave to file an amended complaint.[2] An appropriate order follows.

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

Dated: 2/21/06

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.